**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**
NORFOLK DIVISION

**UNITED STATES of AMERICA,**

**v.**                                                    CRIMINAL CASE NO.: 2:03CR79

**MARK L. JACKSON,**

DEFENDANT.

## OPINION and ORDER

This matter is before the Court regarding Defendant's compliance with the terms of his conditional release as ordered by this Court on May 12, 2004 and September 5, 2007. Docs. 27 (Order entered May 12, 2004), 28 (Order entered September 5, 2007). For the reasons that follow, the Court **ORDERS** Defendant's conditional release **REVOKED**, and places Defendant back on conditional release under the terms set forth herein.

### I. PROCEDURAL HISTORY

On May 8, 2003, the United States filed a Criminal Complaint against Mark L. Jackson ("Defendant" or "Jackson") charging Threats against the President in violation of 18 U.S.C. § 871. Doc. 1.

On May 13, 2003, the United States Magistrate Judge ordered, by agreement of counsel, that Defendant be committed to the custody of the United States Attorney General ("Attorney General") for psychological examination regarding his competency to stand trial and his sanity at the time of the alleged offense. Doc. 7. On June 9, 2003, an indictment was filed charging the same violation previously brought by criminal complaint. Doc. 8.

A psychological report and addendum were filed, which opined Defendant was "not currently competent to stand trial, and was not sane at the time of the alleged offense." Docs. 10 at unnumbered 1 (Report filed September 29, 2003), 11 (Addendum filed October 1, 2003). In response, the Court ordered that Defendant be committed to the custody of the Attorney General for a period of no more than "four (4) months, until his mental condition is so improved that trial may proceed or the pending charges are disposed of according to law, whichever is earlier." Doc. 12 at 1 (Order entered October 1, 2003). The Court's October 1, 2003 commitment order was later stayed at the request of Defendant "pending receipt of a complete report from Dr. Jacob Berman regarding defendant's mental state at the time of the offense alleged and his current mental competency." Doc. 14 (Order entered December 19, 2003).

On February 3, 2004, the Court found Defendant was competent to stand trial, having considered the several psychological reports filed regarding Defendant's evolving competency status and the agreement of counsel as to Defendant's competency to stand trial. Docs. 10, 11, 16 (Psychological Report filed January 23, 2004), 19 (Order finding Defendant competent to stand trial entered February 3, 2004).

On February 23, 2004, a hearing was convened, wherein a Statement of Facts was filed and Defendant was found not guilty by reason of insanity. Docket No. 2:03cr79; Docs. 23 (Statement of Facts), 24 (Order entered February 24, 2004). The Court further ordered pursuant to 18 U.S.C. §§ 4243(b) and 4247(b) that Defendant be examined by a licensed psychologist or psychiatrist to determine, in part, whether Defendant would pose a substantial risk of bodily injury or property damage due to his mental state if released. Doc. 24 at 2-3. The Court entered a Judgment of Acquittal on March 11, 2004. Doc. 25.

On May 6, 2004, another psychological report was filed which indicated "Jackson does not currently present a substantial risk of bodily injury to another person or serious damage to the property of another due to mental disease or defect." Doc. 26 at unnumbered 1. The report further suggested Jackson "should continue with treatment to prevent recurrence of psychiatric symptoms," continue taking his medications as listed on page nine (9) of the report, and states his family would assist in his adherence to treatment and "reinforce his medication compliance." Doc. 26 at 8-9.

On May 11, 2004, a hearing was convened pursuant to 18 U.S.C. § 4243(d) regarding Defendant's future dangerousness and the parties submitted no evidence other than the then most recent psychological report. Docket No. 2:03cr79; Doc. 27 at 2 (Order entered May 12, 2004). Accordingly, the Court found "Defendant's release would not create a substantial risk of bodily injury to another person or serious damage of property of another due to a present disease or defect." Doc. 27 at 2. The Court ordered Defendant released from custody subject to several conditions requiring Defendant to "continue taking his prescribed medication," "continue his treatment under the care of Jacob H. Berman, M.D.," and "reside with his parents." Doc. 27 at 3. The Court further required "the conditions set forth in this Order shall apply until the Defendant persuades the Court they are no longer necessary," and ordered that "the United States Probation Office regularly monitor the conditions of the Defendant's release." Doc. 27 at 3. The Clerk was requested to mail a copy of the Order to the Probation Office and others, and an annotation on the Order indicates Criminal Clerk Karen Griffin (KG) did so on May 12, 2004. Doc. 27 at 3.

Upon learning that Jackson had not been monitored as provided in the Court's May 12, 2004 Order, the Court entered another Order on September 5, 2007. Doc. 28. The Order "re-emphasize[d] and clarify[ied] the duties of the Probation Office regarding this case," and

particularly required the United States Probation Office ("Probation Office") to monitor

Defendant's compliance in taking his medications, receiving treatment and residing with his

parents. Doc. 28 at 1. Additionally, the Order directed the Probation Office to submit an

immediate report to the Court and Attorney General if it "determines Defendant poses a

'substantial risk of bodily injury to another person or serious damage to property of another' or is

otherwise in violation of the terms of his conditional release." Doc. 28 at 1 (citing 18 U.S.C. §

4243(g)). The Court also ordered the Probation Office to submit a status report within ten (10)

days of the entry of the Order and every ninety (90) days thereafter. Doc. 28 at 1 (citing the

duties of the Probation Office as detailed at 18 U.S.C. § 3603(8)(A)).

On September 18, 2007, the Court received a Warrant Request from Probation Officer

Nina V. Long ("Officer Long") for Jackson's arrest. Doc. 30. The document details the facts of

several bomb threats made by Defendant in August and September of 2007, Defendant's

confession to those crimes, and his recent unwillingness "to take the prescribed medications."

Doc. 30 at 1-2. As a result, Officer Long requested that a "warrant be issued for Jackson's

arrest." Doc. 30 at 2. The Court granted the request, a warrant was issued, and Defendant was

arrested on September 19, 2007. Docs. 30 at 2 (Order entered September 18, 2007), 31 (Warrant

for Arrest executed on September 19, 2007).

On October 11, 2007, a hearing was convened to determine whether Defendant had

violated the terms of his conditional release. Defendant appeared and was represented by

counsel. Docket No. 2:03cr79. At the hearing, Defendant presented recent medical information

as an exhibit, which was prepared within the last month according to the various reports included

in the exhibit. October 11, 2007 Hearing, Ex. 1. The exhibit established that Defendant had not

been taking his medication nor receiving treatment for his mental health issues as required by the

Court pursuant to his conditional release. October 11, 2007 Hearing, Ex. 1; Doc. 27 at 3; Doc. 28 at 1. The evidence also established that he had been charged with making various bomb threats recently. Defendant asserted, by counsel, that he had maintained his residence with his family and could continue to live with his parents if released. Doc. 27 at 3; Doc. 28 at 1. Defendant argued, by counsel, that the Court should reinstate Defendant on conditional release with similar terms to the previous court orders.

Respecting the medical information submitted by Defendant, the report discloses as follows. Defendant was admitted to the Virginia Beach Psychiatric Center in Virginia Beach, Virginia after having been "brought in by the fire marshall due to the fact that the patient has been making threatening phone calls with bomb threats." October 11, 2007 Hearing, Ex. 1 at 1, 3. Defendant was determined "a danger to himself and others, and [in] need[] [of] inpatient treatment." Id. at 1, 4. Defendant was then currently "on no medications," had not been taking medication for the past three (3) years, and appeared to be "mildly paranoid." Id. at 1-2. Jackson's "insight, judgment and impulsivity" were described as "fair but significantly impaired." Id. Defendant's weakness was assessed as a "chronic mental illness that has never really been treated," and he was observed to be "easily overwhelmed." Id. at 3. Defendant's discharge summary indicates he refused medications prior to being discharged and arrested on September 19, 2007. Id. at 11; Doc. 31. In accordance with Defendant's request that Defendant's Exhibit No. 1 offered at the October 11, 2007 Hearing be maintained by the Court under seal to protect Defendant's privacy, the Court **DIRECTS** the Clerk to maintain this exhibit **under seal** in compliance with the procedures of Court for sealed documents.

The Government agreed with the recommendation of Defendant, and offered no evidence in addition to the exhibit and remarks presented by Defendant.

## II. Legal Principles

On May 12, 2004, the Court released Defendant subject to his compliance with certain conditions after having found him not guilty only by reason of insanity. Doc. 27. 18 U.S.C. § 4243(g) governs the situation where a person violates the conditions of his release, and provides, in relevant part:

> [U]pon . . . probable cause to believe that the person has failed to comply with the prescribed regime of medical, psychiatric, or psychological care or treatment, the person may be arrested, and upon arrest, shall be taken without unnecessary delay before the court having jurisdiction over him. The court shall, after a hearing, determine whether the person should be remanded to a suitable facility on the ground that, in light of his failure to comply with the prescribed regime of medical, psychiatric, or psychological care or treatment, his continued release would create a substantial risk of bodily injury to another person or serious damage to property of another.

With regards to the legal principles applicable to a conditional release revocation hearing, the case law is sparse and is accordingly taken from various non-precedential authorities.

### A. Hearing Procedures

Unlike the initial commitment hearing conducted pursuant to 18 U.S.C. § 4243, Section 4243(g) does not provide the appropriate burden of proof to apply at the hearing. See 18 U.S.C. § 4243(d). However, 18 U.S.C. § 4247(d) lists the general rights of the Defendant at a hearing conducted under 18 U.S.C. § 4243(g). Section 4247(d) states:

> At a hearing ordered pursuant to this chapter the person whose mental condition is the subject of the hearing shall be represented by counsel and, if he is financially unable to obtain adequate representation, counsel shall be appointed for him pursuant to section 3006A. The person shall be afforded an opportunity to testify, to present evidence, to subpoena witnesses on his behalf, and to confront and cross-examine witnesses who appear at the hearing.

Furthermore, "the district court's power to revoke conditional release is discretionary, not a mandatory requirement." United States v. Rogers, 14 Fed. Appx. 303, 305 (6th Cir. 2001) (per curiam) (unpublished) (citations omitted). Moreover, the state of the Defendant while in custody

is not dispositive, as the issue for the Court to decide is whether Defendant's "continued release into society would pose a danger." Rogers, 14 Fed. Appx. at 307 (internal quotation omitted) (citing 18 U.S.C. § 4243(g)). Additionally, Defendant's failure to comply with the conditions of his release does not have to be willful. United States v. Johnson, 824 F. Supp. 198, 199 (M.D. Ala. 1993) (Thompson, J.) ("However, it is not necessary that the failure to comply be willful. The purpose of the hospitalization provisions in the insanity law is not to punish the defendant based on culpability but rather to assure that a person who has entered an insanity plea poses no significant threat to society.").

### B. Grounds for Revocation as Applied in Jackson's Case

18 U.S.C. § 4243(g) allows the Court to revoke Defendant's conditional release if it finds that Defendant "failed to comply with the prescribed regime of medical, psychiatric, or psychological care or treatment" and that "his continued release would create a substantial risk of bodily injury to another person or serious damage to property of another." 18 U.S.C. § 4243(g). Notably, in addition to violations of the specific terms of conditional release, several courts have considered the defendant's threats or dangerousness to others as a basis for revoking the defendant's conditional release. Their rulings are considered below.

In United States v. Evans, 12 F. Supp. 2d 461, 462-63 (E.D. Pa. 1998) (Katz, J.), the court found both defendant's failure to adhere to his "mental health regime" and his actions in threatening bodily harm against other people provided grounds for the revocation of his conditional release.

In United States v. Hackendahl, 45 Fed. Appx. 556, 556 (8th Cir. 2002) (per curiam) (unpublished), the United States Court of Appeals for the Eighth Circuit ("Eighth Circuit") upheld a district court's decision to revoke a defendant's conditional release based on the reasons

that defendant "had been manipulative about taking his prescribed medication; . . . had refused to participate in the residential facility's programs; and . . . had threatened to kill himself, hurt others, and 'stop' people from using the Lord's name in vain."

In Rogers, the United States Court of Appeals for the Sixth Circuit ("Sixth Circuit") noted the district court's revocation of Defendant's conditional release on one occasion for "not taking the proper medications and [for] threatening his probation officer." Rogers, 14 Fed. Appx. at 304. At a later time, after having re-released the defendant, the district court again revoked Defendant's conditional release for "failing to take his medication," "excessively using alcohol," threatening others and nearly destroying his apartment. Rogers, 14 Fed. Appx. at 304. Regarding the instant violation before the court in Rogers, the Sixth Circuit upheld the district court's decision to again revoke defendant's conditional release based on circumstantial evidence that Defendant stopped taking his medications as prescribed. Rogers, 14 Fed. Appx. at 306. The circumstantial evidence included the defendant's comments about the negative effects of his medication, the observation of medication all over the floor of defendant's apartment, and the defendant's observable "downward spiral of bizarre, threatening and dangerous behavior." Rogers, 14 Fed. Appx. at 306.

### C. Court's Obligation

The Court has a continuing duty to monitor the defendant and ensure his and society's safety. United States v. Evans, 287 F. Supp. 2d 590, 594 (E.D. Pa. 2003) (Katz, J.) (follow up revocation for same defendant in Evans, 12 F. Supp. 2d 461) (stating the "responsibility [of the Court to manage Evan's behavior after finding him not guilty by reason of insanity] entails protecting persons who may be targets of Mr. Evans' misguided actions and providing Evans with appropriate care to improve his mental health."); Johnson, 824 F. Supp. at 200 (describing

the implicit continuing duty of the Court to assess whether the current medical treatment is adequate to ensure the safety of others, and if not, whether it can be modified or whether defendant's release should be revoked).

### D. Revocation, Remand and Notice to the Treatment Facility

If a court determines that Defendant has violated the terms of his conditional release and also concludes that "his continued release would create a substantial risk of bodily injury to another person or serious damage to property of another," the Court may revoke his conditional release pursuant to 18 U.S.C. § 4243(g).  Additionally, the court may "remand the Defendant to the custody of the Attorney General of the United States or her representative for placement in a suitable facility pursuant to 18 U.S.C. § 4243(e)." Johnson, 824 F. Supp. at 200; United States v. Schoenhals, No. 04-10001-01-WEB, 2005 U.S. Dist. LEXIS 8465, at *12-13 (D. Kan. May 4, 2005) (Brown, J.) (unpublished).  The court should notify the Director of the treatment facility of his obligations pursuant to 18 U.S.C. § 4243(f) if revocation and remand to the Attorney General is ordered. Johnson, 824 F. Supp. at 200; United States v. Tuminskas, No. 02-CR-44-C-01, 2005 U.S. Dist. LEXIS 25432, at *3 (W.D. Wis. October 25, 2005) (Crabb, J.) (unpublished); Schoenhals, 2005 U.S. Dist. LEXIS 8465, at *13.

### III. CONCLUSION

In light of the admissions made by Defendant, through his attorney, to not taking medication and not receiving treatment for his mental health problems, as well as the exhibit offered by Defendant at the October 11, 2007 hearing, the Court **FINDS** Defendant has violated the terms of his conditional release by not taking his medication and not receiving mental health treatment as ordered.  October 11, 2007 Hearing, Ex. 1; Doc. 27 at 3; Doc. 28 at 1.  Therefore,

the Court **FINDS** Defendant has "failed to comply with the prescribed regime of medical,

psychiatric, or psychological care or treatment" as previously ordered by the Court. 18 U.S.C. §

4243(g); Doc. 27 at 3; Doc. 28 at 1. Furthermore, in light of the medical reports' assessment that

Defendant "is a danger to himself and others" as well as the other information offered regarding

several bomb threats made by Defendant recently, his refusal to take medication, and his mental

stability, the Court **FINDS** Defendant's "continued release would create a substantial risk of

bodily injury to another person or serious damage to property of another." October 11, 2007

Hearing, Ex. 1; 18 U.S.C. § 4243(g). Accordingly, the Court **ORDERS** Defendant's conditional

release under the Court's May 12, 2004 and September 5, 2007 orders is hereby **REVOKED.**

Doc. 27; Doc. 28.

Additionally, in accordance with the agreement of counsel and upon considering the

evidence offered at the October 11, 2007 Hearing, the Court declines to remand Defendant to the

custody of the Attorney General pursuant to 18 U.S.C. § 4243(e). See Johnson, 824 F. Supp. at

200; Schoenhals, 2005 U.S. Dist. LEXIS 8465, at *12-13. Rather, the Court **ORDERS**, with

agreement of counsel, that Defendant be **REINSTATED** on his conditional release.

The new terms of Defendant's conditional release are as follows:

1. Defendant shall be remanded to the custody of the Virginia Beach Psychiatric Center in Virginia Beach, Virginia for inpatient treatment. If, contrary to the assurances of counsel for the Defendant, this facility chooses not to accept Defendant into inpatient care, he will be placed into inpatient treatment at another suitable facility upon approval by the Court.;
2. Defendant, if released from inpatient treatment with the approval of the Court, shall remain on outpatient treatment throughout his indefinite term of conditional release, unless otherwise ordered by the Court.;
3. Defendant, if released from inpatient treatment with the approval of the Court, shall reside with his family.;
4. Defendant shall take all medications under the schedule approved by his treating medical professionals and otherwise comply with all aspects of his treatment plan as defined by those medical professionals.;

5. Defendant must obtain the approval of the Court before changing treatment facilities, changing from inpatient to outpatient treatment, or changing his medication schedule to require taking no prescribed medication.;
6. Defendant must obey all federal, state and local laws.;
7. Defendant must refrain from any threatening conduct.;
8. Defendant must report any violation of the terms of his conditional release to his Probation Officer within one (1) business day of the violation.; and
9. Defendant must meet with his Probation Officer and comply with all requests and directives of his Probation Officer, including requests for information regarding his medical status.

Defendant is **ADVISED** that any violation of these terms could result in his conditional release being revoked and him being remanded to the custody of the Attorney General.

The Probation Office is **ORDERED** to monitor Defendant's compliance with the terms of his conditional release, and to comply with the remainder of its duties detailed as follows. The Probation Office must consult with Defendant's medical professional(s) at least once every ninety (90) days to assure Defendant is complying with his treatment plan and medication schedule, and must meet with Defendant as often as it deems necessary to monitor his compliance. The Probation Office is no longer required to make periodic reports to the Court. The Probation Office is required to submit a report detailing the bases of its concerns to the Court immediately if the Probation Office believes Defendant poses a "substantial risk of bodily injury to another person or serious damage to property of another" or is otherwise in violation of the terms of his conditional release. 18 U.S.C. § 4243(g). If the Probation Office deems fit to submit another warrant request to the Court, the Probation Office is **DIRECTED** submit a sworn statement detailing its reasons for requesting the warrant.

The Probation Office is **ORDERED** to provide copies of all reports submitted to the Court as required under this Opinion and Order to the Attorney General or his designee. 18 U.S.C. § 3603(8)(A).

The Clerk is **REQUESTED** to mail a copy of this Opinion and Order to all counsel of record, the United States Marshal's Service, the Virginia Beach Psychiatric Center, and the Probation Office in Norfolk.

It is so **ORDERED.**

_____/s/_____
HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
October 16, 2007